# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO J. GIL, | CASE NO. 1:09-cv-00917-GBC PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| JAMES A. YATES, et al., | (Doc. 6) |
| Defendants. | THIRTY-DAY DEADLINE |

## I. Screening Requirement

Plaintiff Francisco J. Gil ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Currently pending before the Court is the first amended complaint, filed December 7, 2009. (Doc. 6.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v.

Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007)).

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

## II.     Complaint Allegations

Plaintiff is currently living in Mexico. The incidents in the complaint occurred while he was incarcerated at Pleasant Valley State Prison. Plaintiff has submitted a 16 page complaint, containing 158 pages of exhibits, and brings this action against Defendants in their individual and official capacities.

### Count One

Plaintiff pled guilty to a rule violation on March 1, 2007, for unauthorized possession of a controlled substance. Defendant Woodend conducted the hearing and Plaintiff was assessed a loss of 121 days of time credit, when Plaintiff alleges he should only have been assessed 30 days, in violation of the Eighth and Fourteenth Amendments. (Doc. 6, Comp., p. 3.)

### Count Two

Plaintiff filed an administrative grievance on March, 7, 2007, alleging that he could only be assessed thirty days loss of time credits for the violation. The administrative appeal was not processed, but sent back to him. Plaintiff refiled the appeal and did not receive a reply, making "it apparent that these officials had no intention of replying," thereby "delaying his access to the court, denying [him] due process rights, subjecting [him] to an environment of cruel and wanton conditions

. . ., and chilling [his First Amendment] rights by obstructing [his] rights to communicate with the public, well as a liberty interest as the 602 is regarding [his] freedom [sic]." (Id., pp. 5-6.) On September 24, 2009, Plaintiff received a copy of the appeal back that contained a "fraudulent memorandum by the Warden James A. Yates claiming or creating the illusion as if he responded to [Plainitff's] appeal" on June 28, 2007. (Id., p. 6.) Plaintiff's appeals were denied. (Id., p. 7.) Plaintiff filed a writ of Habeas Corpus in Fresno Superior Court, which was decided in his favor. Upon appeal the decision was reversed.[1] (Id.)

Plaintiff names Defendants Appeals Coordinator Martinez, R. Shannon, C. Hudson, Warden James A. Yates, and the Chief of Inmate appeals alleging they violated his equal protection, due process, and First Amendment rights to communicate with the Inspector General, and denied him access to the court.

**Count Three**

On February 20, 2009, a fight broke out between two inmates and Correctional Officer Hendricks fired two shots from a 40 mm direct impact launcher, striking Plaintiff, who was not involved in the altercation, in the leg. (Id., p. 8.) Plaintiff was escorted to see LVN Hansen who documented his injury, extreme swelling, open wound, and pain, and told him that he would "see a doctor Monday." (Id..) On February 25, 2009, Dr. Amadi only treated Plaintiff for neck and back pain and was negligent for refusing to treat the open wound and bruise to Plaintiff's leg. (Id., p. 9.) Plaintiff filed an administrative grievance and on March 12 or 13, 2009, while attending a medical file review, saw fraudulent records of treatment in the file. Plaintiff's appeal was screened out. (Id.) Plaintiff alleges that Defendants subjected him to cruel and unusual punishment and deliberate indifference to his medical needs in violation of the Eighth Amendment and the appeals coordinators conspired to intentionally block his administrative remedies. (Id., p. 10.)

Plaintiff names Defendants Correctional Officer Hendricks, LVN Hansen, Dr. Amadi, R.N. Roberts, Sgt. Lantz, Sgt. Mowery, Lt. Greene, and the PVSP Appeals Coordinators. He is seeking

---

[1] The Court notes that although Plaintiff states that the writ of habeas corpus was decided in his favor, the order provided by Plaintiff in the complaint shows that the writ was denied as being untimely filed. (Doc. 1, pp. 93-95.)

3

monetary damages of $1,689,000.  For the reasons set forth below, Plaintiff has failed to state a cognizable claim for relief.

Plaintiff shall be given the opportunity to file an amended complaint curing the deficiencies described by the Court in this order.  In the paragraphs that follow, the Court will provide Plaintiff with the legal standards that appear to apply to his claims.  Plaintiff should carefully review the standards and amend only those claims that he believes, in good faith, are cognizable.

### III. Legal Standards

#### A. Rule 8

The Court advises Plaintiff of the following requirements under the Federal Rules of Civil Procedure regarding the general formatting of his complaint.  Plaintiff's complaint must contain "a short and plain statement of the claim showing that [Plaintiff] is entitled to relief."  Federal Rule of Civil Procedure 8(a)(2).  Plaintiff's first amended complaint is neither short nor plain. Plaintiff's first amended complaint, while it is only 16 pages, is rambling and difficult to follow, refers to 158 pages of exhibits, and lists multiple unrelated incidents.

"Each allegation must be simple, concise, and direct." Federal Rule of Civil Procedure 8(d)(1).  A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Federal Rule of Civil Procedure 10(b).

The function of the complaint is not to list every single fact relating to Plaintiff's claims nor to argue why his rights were violated.  Because Plaintiff's complaint is not in compliance with Rule 8(a), the Court declines to expend its already taxed resources with attempting to sort out his claims. Plaintiff must submit a complaint to the Court that meets the requirements of Rule 8.  It is Plaintiff's job, not the Court's, to state a claim for each defendant.

#### B. Rule 18

Further, Plaintiff may not pursue multiple, unrelated claims in this action.  Pursuant to the Federal Rules of Civil Procedure, [a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternate claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a).  "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.  Unrelated

claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff will not be permitted to proceed with a "mishmash of a complaint," id., and is cautioned that if his amended complaint fails to comply with Rule 18(a), the Court will choose which claims will proceed and will dismiss out all unrelated claims.

### C. Defendant Liability

Plaintiff may not bring suit against Defendants in their official capacity. "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007). However, the Eleventh Amendment does not bar suits seeking damages from public officials acting in their personal capacities. Hafer v. Melo, 502 U.S. 21, 30 (1991). "Personal-capacity suits . . . seek to impose individual liability upon a government officer for actions taken under color of state law." Id. at 25.

Government officials may not be held liable for the actions of their subordinates under a theory of *respondeat superior*. Iqbal, 129 S. Ct. at 1948. Since a government official cannot be held liable under a theory of vicarious liability for section 1983 actions, Plaintiff must plead that the official has violated the Constitution through his own individual actions. Id. In other words, to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

### D. Prior Judgment in State Court

Plaintiff states that he filed a writ of Habeas Corpus in Fresno Superior Court based upon his argument that he should only have received thirty days for his rule violation. The trial court decided in his favor. Upon appeal the decision was reversed. Initially, Plaintiff is advised that, if the state court has decided that the sentence imposed on Plaintiff for the rule violation was valid, that decision would have preclusive affect and he cannot relitigate the issue in this action.

///

### E. First Amendment

Liability under section 1983 exists where a defendant "acting under the color of law" has deprived the plaintiff "of a right secured by the Constitution or laws of the United States." Jensen v. Lane County, 222 F.3d 570, 574 (9th Cir. 2000). Plaintiff alleges that his rights to communicate with the public were violated because prison officials gave him the wrong address for the attorney general. A prisoner "retains those First Amendment rights that are not inconsistent with his status as a prisoner or the legitimate penological objectives of the corrections system." Pell v. Procunier, 417 U.S. 817, 822 (1974). This includes the right to send and receive mail. Witherow v. Paff, 52 F.3d 264, 266 (9th Cir. 1995). Where an inmate is alleging that prison regulations are infringing upon his right to send and receive mail, the claim would fall under the Fourteenth Amendment. Plaintiff's allegation that a prison official provided him with the incorrect address for the attorney general is insufficient to state a cognizable claim.

### F. Eighth Amendment

#### 1. Deliberate Indifference

To prove a violation of the Eighth Amendment the plaintiff must "objectively show that he was deprived of something 'sufficiently serious,' and make a subjective showing that the deprivation occurred with deliberate indifference to the inmate's health or safety." Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (citations omitted). Deliberate indifference requires a showing that "prison officials were aware of a "substantial risk of serious harm" to an inmates health or safety and that there was no "reasonable justification for the deprivation, in spite of that risk." Id. (quoting Farmer v. Brennan, 511 U.S. 825, 837, 844 (1994)). The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2006).

##### a. Medical Care

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show "deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). Deliberate indifference is

6

shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. Jett, 439 F.3d at 1096. "Deliberate indifference is a high legal standard." Simmons v. Navajo County, Arizona, 609 F.3d 1011, 1019 (9th Cir. 2010); Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

### 2. Excessive Force

The inquiry as to whether a prison official's use of force constitutes cruel and unusual punishment is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992); Whitley v. Albers, 475 U.S. 312, 320 (312). A prison official's use of force to maliciously and sadistically cause harm violates the contemporary standards of decency. Wilkins v. Gaddy, 130 S. Ct. 1175, 1178 (2010). However, "[n]ot 'every malevolent touch by a prison guard gives rise to a federal cause of action." Gaddy, 130 S. Ct. at 1179 (quoting Hudson, 503 U.S. at 9). Factors that can be considered are "the need for the application of force, the relationship between the need and the amount of force that was used, [and] the extent of injury inflicted." Whitley, 475 U.S. at 321; Marquez v. Gutierrez, 322 F.3d 689, 692 (9th Cir. 2003).

### G. Fourteenth Amendment

### 1. Due Process

The Due Process Clause protects against the deprivation of liberty without due process of law. Wilkinson v. Austin, 545 U.S. 209 (2005). In order to state a cause of action for a deprivation of due process, a plaintiff must first identify a liberty interest for which the protection is sought. The Due Process Clause does not confer a liberty interest in freedom from state action taken within a prisoner's imposed sentence. Sandin v. Conner, 515 U.S. 472, 480 (1995). However, a state may "create liberty interests which are protected by the Due Process Clause." Sandin, 515 U.S. at 483-84. A prisoner has a liberty interest protected by the Due Process Clause only where the restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Keenan v. Hall, 83 F.3d 1083, 1088 (9th Cir. 1996) (quoting Sandin, 515 U.S. at 484).

7


### a.  Administrative Segregation

The Due Process Clause does not "create a liberty interest in freedom from administrative segregation." Toussaint v. McCarthy, 801 F.2d 1080, 1091 (9th Cir. 1985), abrogated in part on other grounds by Sandin v. Conner, 515 U.S. 472 (1995). Administrative segregation is the type of confinement that should be reasonably anticipated by inmates at some point in their incarceration. Id. (quoting Hewitt v. Helms, 459 U.S. 460, 468 (1983)). The Ninth Circuit has concluded that prisoners have no liberty interest in remaining free from administrative segregation or solitary confinement. See May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997).

### b.  Grievance Procedure

A prisoner has a right to meaningful access to the court which extends to established grievance procedures. Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995). However, the prison grievance procedure does not confer any substantive rights upon inmates and actions in reviewing appeals cannot serve as a basis for liability under section 1983. Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993).

## 2.  Equal Protection

The Equal Protection Clause requires that all persons who are similarly situated should be treated alike. Lee v. City of Los Angeles, 250 F.3d 668, 686 (2001); City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985). An equal protection claim may be established by showing that the defendant intentionally discriminated against the plaintiff based on the plaintiff's membership in a protected class, Lee, 250 F.3d at 686; Barren v. Harrington, 152 F.3d 1193, 1194 (1998), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (2005); Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).

## H.  Access to the Court

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996); Hebbe v. Pliler, 611 F.3d 1202, 1206 (9th Cir. 2010). The right is merely the right to bring to court a grievance the inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions. Lewis, 518 U.S. at 354. To bring a claim, the

plaintiff must have suffered an actual injury by being shut out of court. Christopher v. Harbury, 536 U.S. 403, 415 (2002); Lewis, 518 U.S. at 351.

### I.  Conspiracy

A conspiracy claim brought under section 1983 requires proof of "'an agreement or meeting of the minds to violate constitutional rights,'" Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001) (quoting United Steel Workers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of constitutional right, Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, Oklahoma, 866 F.2d 1121, 1126 (9th Cir. 1989)).  "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" Franklin, 312 F.3d at 441 (quoting United Steel Workers, 865 F.2d at 1541).

### IV.  Conclusion and Order

For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for a violation of his constitutional rights. Plaintiff is granted leave to file an amended complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S. Ct. at 1948-49. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are

waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed December 7, 2009, is dismissed for failure to state a claim upon which relief may be granted under section 1983;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   December 20, 2010

UNITED STATES MAGISTRATE JUDGE