# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO J. GIL,<br><br>                    Plaintiff,<br><br>     v.<br><br>JAMES A. YATES, et al.,<br><br>                    Defendants.<br>_____/ | CASE NO.     1:09-cv-00917-GBC PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPROVAL OF AUTHORIZATION OF POWER OF ATTORNEY AND REQUEST TO UTILIZE ELECTRONIC FILING<br><br>(Doc. 21)<br><br>ORDER STRIKING PLAINTIFF'S NOTICE OF CHANGE OF ADDRESS<br><br>(Doc. 22)<br><br>THIRTY DAY DEADLINE |

Plaintiff Francisco Gil ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Before the Court is Plaintiff's Motion for Approval of Authorization of a Power of Attorney and request to file documents electronically. (Doc. 21.)

Plaintiff asks the Court to allow him to have his mail sent to his brother's address rather than sent directly to him as he is residing in Mexico. The general rule establishing the right of an individual to represent oneself in all federal courts of the United States is contained in 28 U.S.C. § 1654. It is well established that the privilege to represent oneself pro se provided by § 1654 is personal to the litigant and does not extend to other parties or entities. See McShane v. United States, 366 F.2d 286, 288 (9th Cir. 1966). Thus, the Court must send official correspondence directly to the Plaintiff and cannot allow it to be diverted through another individual absent a compelling reason.

The Court notes that Plaintiff alludes to having executed a power of attorney authorizing his brother to act on his behalf while he was incarcerated. However, there is no such power of attorney attached to the instant Motion and Plaintiff is advised that his brother cannot prosecute this action on his behalf. A non-lawyer may not represent anyone but himself or herself in court. <u>Johns v. County of San Diego</u>, 114 F.3d 874, 877 (9th Cir. 1997); <u>C. E. Pope Equity Trust v. United States</u>, 818 F.2d 696, 697 (9th Cir. 1987). Plaintiff is free to refile his request accompanied by a validly executed power of attorney and the Court will reconsider whether to allow his brother to receive Plaintiff's mail.

Until such time, however, Plaintiff is obliged to keep the Court apprised of his current address. <u>See</u> L.R. 182(f). Plaintiff is hereby ordered to provide his current address to the Court not later than **thirty days from the date of service of this order**. Plaintiff is hereby on notice that failure to comply with this deadline may result in dismissal of this action for failure to obey a court order.

Plaintiff also asks the Court to allow him to file papers and manage this litigation through the Court's electronic filing system. The Court does not generally allow pro se litigants to file documents through the electronic system. <u>See</u> Local Rule 133(a) ("Pro se parties shall file and serve paper documents as provided in these Rules.") Plaintiff has failed to establish a basis for deviating from the general practice in this case. Therefore, Plaintiff's request to utilize the Court's electronic filing system is DENIED.

Accordingly it is HEREBY ORDERED that:

1. Plaintiff's Motion for Approval of Authorization of Power of Attorney, filed December 30, 2010, is DENIED, without prejudice;
2. Plaintiff's request to file documents electronically is DENIED
3. Plaintiff's Notice of Change of Address, filed December 30, 2010, is STRICKEN from the record;
4. The Clerk's Office is to correct Plaintiff's address to reflect the prior Notice of Change of Address filed October 4, 2010;
5. The Clerk's Office is DIRECTED to:

      (a)    Mail a change of address form to Plaintiff at both of the following addresses:

            (1)    Francisco J. Gil
                      Calle 28 No. 430 Entre 89 y 91
                      Merida, Yucatan. Mexico C.P. 97174

            (2)    Francisco J. Gil
                      14510 S. Biola Avenue
                      La Mirada, California 90638

6.    Plaintiff shall file a Notice of Change of Address with his current address within **thirty days of service of this order;**

7.    If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:    January 11, 2011

                                            UNITED STATES MAGISTRATE JUDGE