UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO J. GIL, | CASE NO.   1:09-cv-00917-GBC (PC) |
| Plaintiff, | SECOND AMENDED COMPLAINT DISMISSED WITH LEAVE TO AMEND |
| v. | (ECF No. 34) |
| JAMES A. YATES, | THIRD AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |
| Defendants. | |

## SCREENING ORDER

Plaintiff Francisco J. Gil ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action May 26, 2009 and he consented to Magistrate Judge jurisdiction on June 5, 2009. (ECF Nos. 1 & 5.) Plaintiff then filed a First Amended Complaint on December 7, 2009. (ECF No. 6.) This First Amended Complaint was dismissed with leave to amend on December 20, 2010 for failure to state a claim upon which relief could be granted. (ECF No. 19.) Plaintiff filed his Second Amended Complaint on April 7, 2011. (ECF No. 35.)

The Second Amended Complaint is now before the Court for screening.

For the reasons set forth below, the Court finds that Plaintiff's Second Amended Complaint fails to state a claim upon which relief may be granted.

## II.    SCREENING REQUIREMENTS

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Iqbal, 129 S.Ct. at 1949.

*///*

### III. **SUMMARY OF COMPLAINT**

Plaintiff brings this action for violations of his Fourteenth, Eighth, and First Amendments and a conspiracy claim. Plaintiff names the following individuals as Defendants: James A Yates, J. M. Woodend, MC Davis, H. Martinez, R. Shannon, C. Hudson, R. Galaviz, N. Grannis, and Hendricks.

Plaintiff alleges the following: On January 24, 2007, Plaintiff received a Rule Violation Report (RVR) for unauthorized possession of a controlled medication. Plaintiff was charged with unauthorized possession of a controlled substance at the hearing for the RVR which was held by Defendant Woodend. Despite the pharmacist's testimony that the substance was in fact a controlled medication, Defendant Woodend found Plaintiff guilty of possession of a controlled substance and sentenced him to an additional four months in prison. The Warden and Chief Appeals Coordinator upheld this ruling and sentence.

On February 20, 2009, Plaintiff was mistakenly shot by a correctional officer during a fight between two inmates. Plaintiff's appeals were refused. As a result of the unlawful disciplinary action, Plaintiff spent an additional six months in prison.

Plaintiff seeks monetary damages.

### IV. **ANALYSIS**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal

Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).

### A. Access to Courts

Plaintiff appears to be alleging that he was denied access to the courts by Defendants through their mishandling of his appeals.

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996). However, the right is limited to direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354. Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412-15 (2002). Forward-looking claims allege "that systemic official action frustrates a plaintiff or plaintiff class in preparing and filing suits at the present time." Christopher, 536 U.S. at 413. In these cases that have yet to be litigated, "the justification for recognizing that [forward-looking] claim, is to place the plaintiff in a position to pursue a separate claim for relief once the frustrating condition has been removed." Id. As part of the requirement to plead an injury, a plaintiff must allege that "a nonfrivolous legal claim had been frustrated or was being impeded." Lewis, 518 U.S. at 353; see also Christopher, 536 U.S. at 415. Simply stating that a claim is "nonfrivolous" due to the action of a government official will not satisfy the actual injury requirement. Christopher, 536 U.S. at 415. Rather, the nonfrivolous "underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." Id. at 416. The plaintiff must describe this "predicate claim . . . well enough to apply the 'nonfrivolous' test

4

and to show that the 'arguable' nature of the underlying claim is more than hope." Id. The complaint should "state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a) just as if it were being independently pursued, and a like plain statement should describe any remedy available under the access claim and presently unique to it." Id. at 417-18; see Lewis, 518 U.S. at 353 n. 3 ("Depriving someone of an arguable (though not yet established) claim inflicts actual injury because it deprives him of something of value-arguable claims are settled, bought and sold.  Depriving someone of a frivolous claim, on the other hand, deprives him of nothing at all, except perhaps the punishment of Rule 11 sanctions.").

When a prisoner asserts that he was denied access to the courts and seeks a remedy for a lost opportunity to present a legal claim, he must show: (1) the loss of a non-frivolous or arguable underlying claim; (2) the official acts that frustrated the litigation; and (3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit.  Phillips v. Hust, 477 F.3d 1070, 1076 (9th Cir. 2007) (citing Christopher, 536 U.S. at 413-414, overruled on other grounds, Hust v. Phillips, 129 S.Ct. 1036 (2009)).

The Court has difficulty discerning which facts Plaintiff is alleging in support of his denial of access to the courts claim.  Plaintiff states that his 602 grievances have been mishandled.  Having reviewed the allegations in the Complaint, the Court finds that Plaintiff has failed to state a claim for denial of access to the courts.  Plaintiff fails to describe in detail any action that he has been unable to pursue and also fails to show how such action would not be frivolous.  Thus, the Court dismisses this claim and will grant Plaintiff leave to amend this claim.

**B.**     **Due Process**

Plaintiff appears to be alleging a violation of his right to due process during the disciplinary hearing.

The Fourteenth Amendment extends the protections of the Fifth Amendment's Due Process Clause to the state. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Prisoners are entitled to certain processes before they are subjected to administrative or disciplinary hearings and classifications. For example, before being placed in disciplinary segregation, due process dictates that a prisoner is entitled to: (1) a written statement at least 24 hours before the disciplinary hearing that includes the charges, a description of the evidence against the prisoner, and an explanation for the disciplinary action taken; (2) an opportunity to present documentary evidence and call witnesses, unless calling witnesses would interfere with institutional security; and (3) legal assistance where the charges are complex or the inmate is illiterate. Id. at 563-70.

Plaintiff alleges that he was written up and charged with possession of a controlled substance (or medication). He then had a hearing conducted by Defendant Woodend. Plaintiff fails to allege any deficiency with the manner in which his disciplinary hearing was conducted. In fact, he says nothing of whether he received notice, if he was allowed to present evidence, how the hearing proceeded, etc. Plaintiff has therefore failed to state a Fourteenth Amendment claim. The Court will grant Plaintiff leave to amend this claim.

**C.    Excessive Force**

Though not explicitly stated, Plaintiff appears to be claiming that Defendants used excessive force in violation of his constitutional rights.

The analysis of an excessive force claim brought pursuant to Section 1983 begins with "identifying the specific constitutional right allegedly infringed by the challenged

6

application of force." Graham v. Connor, 490 U.S. 386, 394 (1989). The Eighth Amendment's prohibition on cruel and unusual punishment applies to incarcerated individuals, such as the Plaintiff here. Whitley v. Albers, 475 U.S. 312, 318 (1976). To state an Eighth Amendment claim, a plaintiff must allege that the use of force was "unnecessary and wanton infliction of pain." Jeffers v. Gomez, 267 F.3d 895, 910 (9th Cir. 2001). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Hudson v. McMillian, 503 U.S. 1, 9 (1992); see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines *de minimis* uses of force, not *de minimis* injuries). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Hudson, 503 U.S. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Id. at 9-10 (internal quotations marks and citations omitted).

Whether force used by prison officials was excessive is determined by inquiring if the "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 6-7. The Court must look at the need for application of force; the relationship between that need and the amount of force applied; the extent of the injury inflicted; the extent of the threat to the safety of staff and inmates as reasonably perceived by prison officials; and any efforts made to temper the severity of the response. See Whitley, 475 U.S. at 321. The absence of significant injury alone is not dispositive of a claim of excessive force. See Wilkens v. Gaddy, 130 S.Ct.

1175, 1176-77 (2010).

Plaintiff fails to offer a sufficient description of the events involving the shooting for the Court to make a determination. Plaintiff states that he was shot by an officer during an altercation between two other inmates. Other than stating that the officer was wrong to do this, Plaintiff does not say anything about the altercation, if he was involved, how close he was standing, where the officer shot from, etc. Plaintiff will be given one additional opportunity to amend this claim.

### D.  Conspiracy

Plaintiff makes one statement that he is pursuing a conspiracy claim.

To state a viable conspiracy claim pursuant to Section 1983, a plaintiff must "state specific facts to support the existence of the claimed conspiracy." Burns v. Cnty. of King, 883 F.2d 819, 821 (9th Cir. 1989) (citation omitted). The Ninth Circuit has held that "each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2002) (quoting United Steelworkers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1541 (9th Cir. 1989) (citation omitted)). Plaintiff must therefore show "an agreement or 'meeting of the minds' to violate constitutional rights." Id. However, "[s]uch an agreement need not be overt, and may be inferred on the basis of circumstantial evidence such as the actions of the defendants." Mendocino Envtl. Ctr. v. Mendocino Cnty., 192 F.3d 1283, 1301 (9th Cir. 1999) (citation omitted). Accordingly, "a showing that the alleged conspirators have committed acts that are unlikely to have been undertaken without an agreement" may indicate the existence of a conspiracy. Id. (citation and internal quotation marks omitted).

Section 1985 proscribes conspiracies that interfere with an individual's civil rights. Section 1985(2) proscribes conspiracies for the purpose of impeding the due course of justice in any state with the intent to deny equal protection of the laws, and Section 1985(3) proscribes conspiracies that deny equal protection of the law or equal privileges and immunities. Coverdell v. Dep't. of Soc. and Health Svcs., State of Washington, 834 F.2d 758, 767 (9th Cir. 1987). An allegation of racial or class-based discrimination is required to state a claim for relief under either Section 1985(2) or Section 1985(3). Bretz v. Kelman, 773 F.2d 1026, 1028-1030 (9th Cir. 1985).

To state a cause of action under Section 1985(3), Plaintiff must allege: (1) a conspiracy, (2) to deprive any person or class of persons of the equal protection of the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage or deprivation of any right or privilege of a citizen of the United States. Gillispie v. Civiletti, 629 F.2d 637, 641 (9th Cir. 1980); Giffin v. Breckenridge, 403 U.S. 88, 102-03 (1971). Section 1985 applies only where there is a racial or other class-based discriminatory animus behind the conspirators' actions. Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir. 1992).

In interpreting these standards, the Ninth Circuit has held that a claim under Section 1985 must allege specific facts to support the allegation that defendants conspired together. Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 626 (9th Cir. 1988). A mere allegation of conspiracy without factual specificity is insufficient to state a claim under 42 U.S.C. § 1985. Id.; Sanchez v. City of Santa Anna, 936 F.2d 1027, 1039 (9th Cir. 1991).

Plaintiff makes one statement that he is pursuing a conspiracy claim. He states

nothing else relevant to this claim. His claim is missing the most basic elements: meeting of the minds and violation of constitutional rights. Plaintiff does not demonstrate a meeting of the minds between Defendants. He does not say which Defendants were involved in the conspiracy. The facts, as currently pleaded, do not identify any violations of any constitutional rights. Thus, this claim is dismissed. Plaintiff will be given leave to amend.

### E.   Inmate Appeal Process

Plaintiff appears to be alleging that Defendants mishandled his grievance forms.

Defendants' actions in responding to Plaintiff's appeals alone cannot give rise to any claims for relief under Section 1983 for violation of due process. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Actions in reviewing a prisoner's administrative appeal cannot serve as the basis for liability under a Section 1983 action. Buckley, 997 F.2d at 495.

Because Plaintiff has neither a liberty interest nor a substantive right in inmate appeals, Plaintiff fails to state a claim in this regard. And, because amendment of this claim would be futile, the Court advises Plaintiff that he would be well-served devoting his

10

energy to pursuing his other claims.

### F. Violating Prison Policy

It appears that Plaintiff is alleging that Defendants violated prison policy or regulations through their actions or inactions. An allegation that a defendant violated a prison policy is not sufficient to state a constitutional claim. See Gardner v. Howard, 109 F.3d 427, 430 (8th Cir. 1997) (no Section 1983 liability for violation of prison policy)) . "In order to set forth a claim under 42 U.S.C. § 1983, an inmate must show a violation of his constitutional rights, not merely a violation of prison policy." Moore v. Schuetzle, 486 F.Supp.2d 969, 989 (D.N.D. 2007). Accordingly, Plaintiff's allegation that Defendants violated Section 1983 by failing to comply with a prison regulation fails to state a claim upon which relief could be granted.

### G. Habeas Claim

Several statements in Plaintiff's Amended Complaint state that he believes that he was wrongfully detained in custody. In its prior Screening Order, the Court informed Plaintiff that when a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 498-500 (1973); Young v. Kenny, 907 F.2d 874, 875-76 (9th Cir. 1990), cert. denied 11 S.Ct. 1090 (1991); see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam). Thus, where a Section 1983 action seeking monetary damages or declaratory relief alleges constitutional violations which would necessarily imply the invalidity of the prisoner's underlying conviction or sentence,

or the result of a prison disciplinary hearing, such a claim is not cognizable under Section 1983 unless the conviction or sentence has first been invalidated on appeal, by habeas petition, or through some similar proceeding.  See Edwards v. Balisok, 520 U.S. 641, 646 (1987) (holding Section 1983 claim not cognizable because allegations of procedural defects and a biased hearing officer implied the invalidity of the underlying prison disciplinary sanction); Heck v. Humphrey, 512 U.S. 477, 483-84 (1994) (concluding Section 1983 claim not cognizable because allegations were akin to malicious prosecution action which includes as an element a finding that the criminal proceeding was concluded in plaintiff's favor).

The fact that Plaintiff restated the materials related to his allegedly wrongful detention in his Amended Complaint, after the Court instructed him that it was pointless, shows that he lacks the ability to focus on his Section 1983 claims and that amendment of such claims would be futile.  While the Court is granting Plaintiff leave to amend, he would be well-served to focus his time and energy on other claims.

### H.    **Personal Participation and Supervisory Liability**

Plaintiff appears to be arguing that several of the named Defendants are liable for the conduct of their subordinates as none of them were present or participated in the complained of conduct as described by Plaintiff.

Under Section 1983, Plaintiff must demonstrate that each named Defendant personally participated in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  The Supreme Court has emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer.  Iqbal, 129 S.Ct. at 1949.  "Government officials may not be held liable for the

unconstitutional conduct of their subordinates under a theory of respondeat superior." Id. at 1948. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct, and therefore, Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Id. at 1948-49.

When examining the issue of supervisor liability, it is clear that the supervisors are not subject to vicarious liability, but are liable only for their own conduct. Jeffers v. Gomez, 267 F.3d 895, 915 (9th Cir. 2001); Wesley v. Davis, 333 F.Supp.2d 888, 892 (C.D.Cal. 2004). In order to establish liability against a supervisor, a plaintiff must allege facts demonstrating (1) personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Jeffers, 267 F.3d at 915; Wesley, 333 F.Supp.2d at 892. The sufficient causal connection may be shown by evidence that the supervisor implemented a policy so deficient that the policy itself is a repudiation of constitutional rights. Wesley, 333 F.Supp.2d at 892 (internal quotations omitted). However, an individual's general responsibility for supervising the operations of a prison is insufficient to establish personal involvement. Id. (internal quotations omitted).

Supervisor liability under Section 1983 is a form of direct liability. Munoz v. Kolender, 208 F.Supp.2d 1125, 1149 (S.D.Cal. 2002). Under direct liability, Plaintiff must show that Defendant breached a duty to him which was the proximate cause of his injury. Id. "'The requisite causal connection can be established . . . by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson v. Duffy, 588 F.2d 740, 743-744 (9th

13

Cir. 1978)).

Plaintiff only names Defendant Woodend in his statement of the claims. Plaintiff has not alleged facts demonstrating that any of the, apparently, supervisory Defendants personally acted to violate his rights. In his amended complaint, Plaintiff needs to specifically link each Defendant to a violation of his rights. Plaintiff shall be given the opportunity to file an amended complaint curing the deficiencies in this respect.

## V.     CONCLUSION AND ORDER

The Court finds that Plaintiff's Complaint fails to state any Section 1983 claims upon which relief may be granted. The Court will provide Plaintiff time to file an amended complaint to address the potentially correctable deficiencies noted above. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). In his Amended Complaint, Plaintiff must demonstrate that the alleged incident or incidents resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Plaintiff must also demonstrate that each defendant personally participated in the deprivation of his rights. Jones, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims or defendants. Plaintiff should focus the amended complaint on claims and defendants relating solely to issues arising out of the incidents discussed herein.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55,

14

57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Third Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed for failure to state a claim, with leave to file an amended complaint within thirty (30) days from the date of service of this order;

2. Plaintiff shall caption the amended complaint "Third Amended Complaint" and refer to the case number 1:09-cv-00917-GBC (PC); and

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated: May 4, 2011

UNITED STATES MAGISTRATE JUDGE

15