UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO GIL,<br><br>        Plaintiff,<br><br>    v.<br><br>J. WOODEND,<br><br>        Defendant. | )  1:09cv00917 DLB (PC)<br>)<br>)  ORDER DENYING PLAINTIFF'S<br>)  MOTION TO FILE AMENDED<br>)  COMPLAINT<br>)<br>)  (Document 86)<br>)<br>)<br>) |

      Plaintiff Francisco Gil ("Plaintiff") is proceeding pro se and in forma pauperis in this civil rights action, filed on May 26, 2009. The action is proceeding on Plaintiff's Third Amended Complaint against Defendant J. Woodend for violation of due process in connection with a Rules Violation Report hearing. Defendant filed an answer on January 26, 2012.

      On January 30, 2012, the Court issued a Discovery and Scheduling Order. The deadline to amend was July 30, 2012. The discovery deadline and dispositive motion deadline were subsequently extended to November 14, 2012, and January 24, 2013, respectively.

      Defendant filed a motion for summary judgment on January 24, 2013. Plaintiff opposed the motion on March 18, 2013, and Defendant filed his reply on April 12, 2013. The motion is currently pending.

      On May 8, 2013, Plaintiff filed a motion to file an amended complaint. Defendant opposed the motion on May 30, 2013. Plaintiff did not file a reply.

1

## **DISCUSSION**

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." Id. The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'" Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712-13 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)).

Plaintiff's motion to amend is vague, at best, and is based on his claim that Defendant purposely withheld discovery. Plaintiff cites "new information and evidence" discovered when Defendant filed his summary judgment motion. Plaintiff also includes, without explanation, a "Witness List" that includes Magistrate Judges Beck, Cohn and Seng.

Plaintiff's motion must be denied for numerous reasons. First and foremost, this action has been pending since 2009 and Plaintiff has had more than one opportunity to amend. The deadline to amend pleadings was July 30, 2012. Insofar as Plaintiff suggests that Defendant intentionally withheld discovery until filing his motion for summary judgment, he fails to explain his allegation with any factual specificity. The Court also notes that Plaintiff has filed numerous baseless discovery motions in the past.

Second, Plaintiff's motion does not provide *any* information regarding his proposed amendments. Without such information, the Court cannot determine whether an amendment would be futile.

Finally, at this late stage of the proceeding, allowing an amendment would prejudice Defendant. Defendant has filed a motion for summary judgment, which is fully briefed and ready for adjudication. If the Court permitted an amendment, it would effectively send this action back to the pleading stages.

Accordingly, based on the above, Plaintiff's motion is DENIED.

IT IS SO ORDERED.

Dated: **June 22, 2013**                              /s/ Dennis L. Beck
                                                      UNITED STATES MAGISTRATE JUDGE